UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-270-GWU

CHARLENE P. MIDDLETON,                                    PLAINTIFF,

VS.                            **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                 DEFENDANT.

## INTRODUCTION

Charlene Middleton brought this action to obtain judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits.  The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1.    Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2.    If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities?  If not, a finding of non-disability is made and the claim is denied.

3.    The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of

1

08-270  Charlene P. Middleton

Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4.    At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5.    If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician

2

08-270  Charlene P. Middleton

than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

3

08-270  Charlene P. Middleton

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  <u>Harris v. Secretary of Health and Human Services</u>, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  <u>Id.</u>  Accord, <u>Johnson v. Secretary of Health and Human Services</u>, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  <u>Gooch v. Secretary of Health and Human Services</u>, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, <u>Hale v. Secretary of Health and Human Services</u>, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work.  <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to

4

make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition,

08-270  Charlene P. Middleton

a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert

accurately portrays the plaintiff's physical and mental impairments.   Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Middleton, a 52-year-old former nurse's aide with a high school education, suffered from impairments related to a seizure disorder controlled with medication, hypertension, a history of chest pain with normal cardiac catheterization, mild coronary disease, mild degenerative disc disease at L1-L2 and L4-L5, and a history of breast cancer (status post lumpectomy) in remission with no recurrence.  (Tr. 22).  While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 24-26).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 26-27).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 27).  The Appeals Council later reviewed the decision and adopted all findings and conclusions of the ALJ with the exception that the ALJ's findings were found not to be consistent with the opinion of Dr. Robert Hoskins.  (Tr. 8-11).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court

must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert William Ellis and relied upon by the ALJ included an exertional limitation to light level work restricted from a full range by such non-exertional limitations as (1) an inability to more than occasionally reach overhead or perform gross manipulation with the dominant right hand; (2) an inability to ever climb ladders, ropes or scaffolds; (3) a need to avoid exposure to unprotected heights; and (4) a "limited but satisfactory" ability to maintain attention and concentration or to deal with stress.  (Tr. 650-651).  In response, Ellis identified a significant number of other jobs in the national economy which could still be performed.  (Tr. 651).  Therefore, assuming that the vocational factors presented to Ellis fairly characterized Middleton's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error.  Dr. Mark Burns, an examining consultant, reported normal physical and orthopedic examination results.  (Tr. 424).  Dr. Burns opined that Middleton would have no restriction with regard to sitting, standing, moving about, lifting, carrying, handling objects, hearing, seeing, speaking or traveling.  (Id.).  The physical factors of the hypothetical question were consistent with this opinion.  Dr. David Swan (Tr. 510-518) and Dr. Sudhideb Mukherjee (Tr. 519-527), the non-examining medical reviewers, each opined that the plaintiff would

08-270  Charlene P. Middleton

be restricted from ever climbing ladders, ropes or scaffolds and being exposed to hazards.  The hypothetical question was essentially consistent with these opinions.  These reports provide substantial evidence to support the administrative decision.

Dr. Jose Echeverria, a treating source at Appalachian Regional Healthcare, opined in March of 2005 that Middleton would be disabled for the next six months.  (Tr. 278).  This would not meet the one-year durational requirement.  20 C.F.R. § 404.1505(a).  The ALJ noted that Dr. Echeverria's treatment notes did not support a claim of disabled status since the physician indicated that most of the claimant's problems were controlled by medication and contrary to the opinions of other medical sources of record.  (Tr. 26).  Middleton has not argued that Dr. Echeverria's opinion supports her claim of disability.

Dr. Robert Hoskins, another examiner, identified a number of physical restrictions on a Medical Assessment of Ability to do Work-Related Activities Form which limited Middleton to less than a full range of sedentary level work.  (Tr. 539-541).  The ALJ mistakenly indicated that his findings were consistent with the opinion of Dr. Hoskins.  (Tr. 26).  This error caused the Appeals Council to review the action and issue its own decision finding that Dr. Hoskins' opinion was not consistent with the administrative decision and rejecting it as binding.  (Tr. 8).  The opinion of Dr. Hoskins was offset by that of Dr. Burns, however, and the claimant has not challenged this portion of the administrative decision.

08-270  Charlene P. Middleton

The court notes that the ALJ included in his findings a need to alternate sitting and standing which was not presented to the vocational expert.  (Tr. 24-25).  Such a restriction was not indicated by Dr. Burns or the reviewers, the medical sources which support the administrative decision.  Middleton has not raised the omission of this factor from the hypothetical question as an issue.  Under the circumstances, the undersigned finds that this was a gratuitous finding by the ALJ and any error in omitting it from the hypothetical question was harmless.

The undersigned finds no error in the ALJ's treatment of the evidence of record relating to Middleton's mental status.  No treating or examining source of record reported the existence of more severe mental limitations than those found by the ALJ.  Psychologist Edward Stodola, a non-examining medical reviewer, opined she did not suffer from a "severe" mental impairment.  Therefore, substantial evidence supports this portion of the administrative decision.

Middleton argues that the ALJ did not do a proper credibility assessment by failing to provide specific reasons for the finding.  However, the ALJ noted a number of specific reasons for the credibility determination.  The ALJ noted that the claimant remained capable of caring for her personal needs, cooking, cleaning house, doing laundry, washing dishes, shopping, feeding her dog, visiting family members, and driving.  (Tr. 25).  With regard to medical treatment, the ALJ observed most of her clinical and diagnostic examinations had been relatively unremarkable.  (Id.).  Serial

10

08-270  Charlene P. Middleton

enzymes, cardiac catheterization and several EKGs had ruled out myocardial infarction.  (Id.).  A Holter monitor and echocardiogram had been normal.  (Id.).  A brain CT Scan had been normal and a bilateral Doppler ultrasound was unremarkable.  (Id.).  An MRI scan revealed only mild degenerative disc disease at L1-L2 and L4-L5.  (Id.).  These numerous reasons provide for a proper credibility assessment.  Therefore, the court must reject the claimant's argument.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 8th day of July, 2009.

**Signed By:**

**G. Wix Unthank**

**United States Senior Judge**

11